# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. A. No. 0409003152 |
| | ) | |
| | ) | |
| EMMANUEL RODGERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 22, 2024
Decided: May 16, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Diana Dunn, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Emmanuel L. Rodgers, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**O'CONNOR, M.** Commissioner.

1

This 16th day of May, 2024, upon consideration of Defendant's Motion for the Appointment of Counsel and to Expand the Record; Defendant's Motion for Postconviction Relief; the State's Response to Defendant's Motion for Postconviction Relief; and the record in this matter, the following is my Report and Recommendation.

## I.　BACKGROUND FACTS

In September 2004, a New Castle County Grand Jury indicted Emmanuel Rodgers (hereinafter "Defendant") on eight counts of Rape Second Degree.[1]　The State alleged Defendant, who was twenty-eight years of age at the time of the alleged offenses, engaged in sexual intercourse with a fourteen-year-old victim without her consent.[2]　In May 2005, a New Castle County jury convicted Defendant of three counts of Rape Second Degree.[3]　Subsequently, and without opposition from Defendant, the State successfully moved to modify the convicted offenses of Rape Second Degree to reduced charges of Rape Fourth Degree, and it petitioned to have Defendant sentenced as a habitual criminal pursuant to 11 *Del. C.* § 4214(a).[4]　On August 2, 2005, this Court declared Defendant a habitual offender and sentenced

---

[1]　Docket Item ("D.I.") 3 Indictment.
[2]　*Id.*
[3]　D.I. 10; D.I. 14.
[4]　*Id*.

him to forty-six years incarceration, suspended after serving forty-five years, followed by probation.[5]

On direct appeal, Defendant's appellate counsel moved to withdraw pursuant to Supreme Court Rule 26(c).[6] Appellate counsel also informed Defendant he could submit arguable issues for the Delaware Supreme Court to review, but Defendant did not submit any claims for consideration.[7] On March 7, 2006, the Delaware Supreme Court affirmed Defendant's convictions on direct appeal, concluding Defendant's appeal was "wholly without merit and devoid of any arguably appealable issue."[8]

On April 23, 2008, Defendant filed his first *pro se* Motion for Postconviction Relief, raising three ineffective assistance of counsel claims: (1) counsel was ineffective in permitting his convictions to be amended to Rape Fourth Degree; (2) counsel provided ineffective representation by failing to object to the State's argument that the minor victim could not consent to sexual intercourse due to her age and the applicable law; and (3) counsel was ineffective for failing to investigate Defendant's prior convictions which led to his habitual status.[9] A Superior Court Commissioner recommended that this Court summarily dismiss Defendant's

---

[5] D.I. 15.
[6] *Emmanuel Rodgers v. State of Delaware*, 2006 WL 568572, at *1 (Del. Mar. 7, 2006).
[7] *Id.*
[8] *Id.*
[9] D.I. 49, *State v. Rodgers*, Case No. 0409003152, Commissioner's Report and Recommendation at 2-3, (Del. Super. Aug. 27, 2009).

postconviction motion, concluding: (1) it was procedurally barred because Defendant failed to raise the three postconviction claims leading to the entry of the judgment of conviction, (2) the motion was procedurally barred as untimely filed, and (3) the motion was meritless.[10] On October 5, 2010, this Court adopted the Commissioner's Report and Recommendation, and denied Defendant's Motion for Postconviction Relief.[11]

On October 26, 2010, Defendant appealed this Court's denial of the Motion for Postconviction Relief,[12] and on May 3, 2011, the Delaware Supreme Court affirmed the judgment of this Court.[13]

On May 23, 2011, Defendant filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Delaware.[14] Therein, Defendant claimed (1) the Delaware state courts erred in denying the first postconviction motion as time-barred; and (2) defense counsel provided ineffective assistance of counsel during trial and on direct appeal.[15] After consideration of the arguments of Defendant and the State, the District Court dismissed Defendant's application as time-barred.[16]

---

[10] *Id*. at 3-4.
[11] D.I. 56.
[12] D.I. 57.
[13] *Rodgers v. State*, 2011 WL 1716371 (Del. May 3, 2011).
[14] *Emmanuel Rodgers v. David Pierce, Warden, and the Attorney General of the State of Delaware*, Civ. A. No. 11-472-SLR (May 23, 2011).
[15] *Rodgers v. Pierce*, 38 F.Supp.3d 466, 469 (D.Del. 2014).
[16] *Id.* at 472.

On May 23, 2012, Defendant filed a second Motion for Postconviction Relief.[17]  Noting that Defendant's second postconviction motion was "heavily laden with generalities about the Sixth Amendment and procedural bars," this Court liberally interpreted Defendant's postconviction claims as follows:  (1) trial counsel was ineffective because Defendant was "illegally charged" with eight counts in the Indictment;  (2) trial counsel was ineffective because the maximum sentence for Rape Fourth Degree is ten years Level V, and he was sentenced to fifteen years; (3) trial counsel failed to take certain unspecified actions and, as a result, "the prosecution's case was [not subjected] to a meaningful adversarial testing; and (4) trial counsel was ineffective because "the amendment of the charges from second degree rape to fourth degree rape after the jury verdict are [sic] illegal."[18]

After consideration of Defendant's claims, this Court held that Defendant's claims were procedurally barred as untimely and repetitive.[19]  The Court found Defendant's fourth claim to be procedurally barred as it had been previously adjudicated.[20]  Finally, this Court concluded Defendant's claims were substantively meritless.[21]

---

[17] D.I. 60.
[18]  *State v. Emmanuel Rodgers*, Case No. 0409003152, Order at 2-3 (Del. Super. Aug. 30, 2012).
[19]  *Id.* at 3-4.  *See* Super. Ct. Crim. R. 61(i)(1)–(2).
[20]  *Id.* at 3-4.
[21]  *Id.* at 4-5.

On November 3, 2023, this Court received (1) Defendant's Motion for Appointment of Postconviction Counsel;[22] and (2) Defendant's (third) Motion for Postconviction Relief (the "Motion").[23] In Defendant's Motion, he claims (1) the current version of Superior Court Criminal Rule 61(i) (effective June 4, 2014) is inapplicable to the Motion, and the version of Rule 61(i) in effect at the time of his sentencing controls; and (2) trial counsel provided ineffective representation in failing to identify and pursue an alibi defense as to two counts of Rape Second Degree.[24]

## II. DEFENDANT'S MOTION FOR APPOINTMENT OF POSTCONVICTION COUNSEL

Defendant seeks the appointment of postconviction counsel.[25] He asserts he raises "substantial issues of non-retroactivity, ex-post facto and lack of fair notice as related to the application of the 2014 amended version of Rule 61 being contrary to well established State and Federal law."[26] He also requests this Court appoint postconviction counsel.[27]

Superior Court Criminal Rule 61 ("Rule 61") provides that when a defendant has filed a second or subsequent postconviction motion, the Court "may appoint

---

[22] D.I. 76.
[23] D.I. 75.
[24] D.I. 75 at 5.
[25] D.I. 76.
[26] *Id.* at 1.
[27] *Id.* at 2.

6

counsel for an indigent defendant only if the judge determines that the second or subsequent motions satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[28]  Rule 61(d)(2)(i)-(ii) provides, in pertinent part:

> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[29]

Defendant has not met the exacting pleading standards of Rule 61(d)(2)(i)-(ii), therefore, consistent with Rule 61(e)(5), I recommend his request for the appointment of postconviction counsel be denied.

## III.  PROCEDURAL BARS

In any motion for postconviction relief, this Court must first determine whether a defendant has satisfied the procedural requirements of Superior Court Criminal Rule 61 before giving consideration to the merits of the underlying claims.[30]  Rule 61(i)(1) prohibits the Court from considering a motion for

---

[28]  Super. Ct. Crim R. 61(e)(5).
[29]  Super. Ct. Crim. R. 61(d)(2).
[30]  *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (quoting *Shelton v. State,* 744 A.2d 465, 474 (Del. 1999)).

7

postconviction relief unless it is filed within one year after the judgment of conviction is final.[31]  Rule 61(i)(2) prohibits the filing of repetitive motions for postconviction relief, unless: under Rule 61(d)(2)(i), the movant "pleads with particularity that new evidence exists that creates a strong inference" of actual innocence; or, under Rule 61(d)(2)(ii),"that a new rule of constitutional law, made retroactive to cases on collateral review," applies to the movant's case.[32]  Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred, unless the movant shows (a) cause for relief from the procedural default and (b) prejudice from the violation of movant's rights."[33]  Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[34]  Finally, Rule 61(i)(5) provides that any claim barred by Rule 61(i)(1)-(4) may nonetheless

---

[31]  Super. Ct. Crim. R. 61(i)(1). A judgment of conviction is final "when the Supreme Court issues a mandate or order finally determining the case on direct review."  *State v. Drake*, 2008 WL 5264880, at *1 (Del. Super. Dec. 15, 2008).

[32]  Super. Ct. Crim. R. 61(i)(2).

[33]  Super. Ct. Crim. R. 61(i)(3).  Here, to the extent Defendant's argument is that this Court should apply a prior version of Rule 61, that claim was not previously asserted in the proceedings leading to the judgment of conviction, and it is therefore procedurally barred pursuant to Rule 61(i)(3).

[34]  Super. Ct. Crim. R. 61(i)(4).

be considered if the claim is jurisdictional or otherwise satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[35]

Defendant's Motion was filed on November 3, 2023. Defendant's judgment of conviction became final on March 23, 2006, when the Supreme Court issued its mandate.[36] Therefore, Defendant's Motion is procedurally barred as it was untimely filed. Moreover, Defendant has failed to allege any facts implicating the exception to the Rule 61(i)(1) procedural bar.[37] Defendant's claim is procedurally barred as untimely.

The Motion is also repetitive pursuant to Rule 61(i)(2), as this is Defendant's third postconviction motion. Defendant could potentially overcome this procedural bar by demonstrating this Motion satisfies the pleading requirements of Rule 61(d)(2)(i) or Rule 61(d)(2)(ii), but he has failed to plead with particularity "that new evidence exists which creates a strong inference that [he] is actually innocent in fact of the acts underlying the charges for which he was convicted,"[38] or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the Delaware Supreme Court or the U.S. Supreme Court,

---

[35] Super. Ct. Crim. R. 61(i)(5).
[36] D.I. 26.
[37] Super. Ct. Crim. R. 61(i)(1). To avoid the procedural bar, Defendant must "allege facts supporting a claim that there exists a retroactively applicable right that is newly recognized after the judgment of conviction was final, more than one year after the right was first recognized by the Delaware Supreme Court or the U.S. Supreme Court." *Id*.
[38] *Id.*

applies to his case and renders his conviction invalid.[39]  Defendant has not met the exacting pleading standards of Rule 61(d)(2)(i) or Rule 61(d)(2)(ii), and therefore the Motion is procedurally barred as repetitive.

As to the procedural bars applicable to Defendant's individual claims, neither of Defendant's claims were raised in the proceedings leading up to the judgment of conviction as required by Rule 61(i)(3), and therefore they are procedurally barred.

Finally, the Defendant cannot avail himself of the potential relief offered by Rule 61(i)(5), as he has not asserted that this Court lacks jurisdiction or otherwise satisfy the pleading requirements of Rule 61(d)(2)(i) or Rule 61(d)(2)(ii).

## THE MERITS OF DEFENDANT'S CLAIMS

Assuming, for argument's sake, that Defendant's Motion was not subject to the aforementioned procedural bars, his claims remain substantively meritless.

Defendant's first "claim" is not a claim at all – Defendant simply asserts this Court should apply a prior version of Rule 61 when evaluating his postconviction motion.  Prior to June 4, 2014, Rule 61(i)(5) allowed defendants relief from the procedural bars noted in Rule 61(i)(1)-(4) if they could show this Court lacked jurisdiction or that the defendant made a "colorable claim that there was a miscarriage of justice because of a constitutional violation."  But, on June 4, 2014,

---

[39]  *See* Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

Rule 61(i)(5) was amended. The amended Rule removed the "miscarriage of justice" requirement and substituted the following:

> "The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[40]

This Court is required to apply the version of Rule 61(i)(5) in effect at the time Defendant filed the Motion.[41] And, in the application of the amended Rule, Rules 61(d)(2)(i) and (d)(2)(ii) do not help Defendant's cause. Defendant is required to (1) claim this Court lacked jurisdiction, or (2) plead with particularity a claim that a new rule of constitutional law was made retroactive to cases on collateral review by the Delaware Supreme Court or the U.S. Supreme Court.[42] Defendant has failed to do either.

Defendant's second claim generally asserts trial and appellate counsel failed to assert in his defense an alibi to his charged offenses – that Defendant was incarcerated at the time of all offenses as alleged in the Indictment and therefore he could not have committed the offenses as charged. Defendant also claims he "continually made defense counsel aware that he was indeed . . . beyond a doubt . . . incarcerated during the alleged crimes and was unequivocally beyond any

---

[40] Super. Ct. Crim. R. 61(i)(5).
[41] *Jones v. State*, 2015 WL 6746873, at *1, n.4 (Del. Nov. 14, 2015) (citing Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. June 4, 2014)).
[42] Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

11

reasoning innocent and the State's own prison records corroborate[] his alibi defense."[43]

Unfortunately for Defendant, the Department of Corrections ("DOC") records do not support his alibi. As the State noted in its Response to Defendant's Motion for Postconviction Relief:[44]

> Records from the Department of Correction Central Offender Records were obtained and indicate that Rodgers was housed at the Central Violation of Probation Center from June 5, 2003, until July 2, 2003. Rodgers was thereafter released into the community and was not incarcerated again until March 23, 2004, when he entered Howard R. Young Correctional Institution. . .. Based on these records, Rodgers was not incarcerated as alleged in the [M]otion, during the entirety of the time period January 1, 2004 – March 31, 2004, and therefore could have committed the offenses as alleged and admitted to. This is the first time Rodgers has raised this information even though he would have had this information available to him at the time of trial and thereafter. Based upon his admission to the conduct for which he was convicted coupled with the information from the Department of Corrections Rodgers does not and cannot show any new evidence which demonstrates that he is factually innocent, nor does he point to a new rule of constitutional law, made retroactive which would render his conviction invalid.[45]

The DOC's records do not support Defendant's claim that he was incarcerated at the time of the offenses as alleged in the indictment. In fact, the records demonstrate he

---

[43] D.I. 75, Motion for Postconviction Relief at 5.

[44] D.I. 80.

[45] *Id.* at 5-6; also see D.I. 80, Ex. A – February 13, 2024 letter from State of Delaware Department of Corrections Central Offender Records regarding incarceration periods for Emmanuel Rodgers, SBI # 00268170.

was in the community from January 1, 2004 until March 23, 2004. Defendant's claim is meritless and unsupported by the record.

## CONCLUSION

Defendant's postconviction motion is procedurally barred pursuant to Rules 61(i)(1) and 61(i)(2), and his postconviction claims are procedurally barred pursuant to Rule 61(i)(3). Moreover, Defendant's claims are substantively meritless.

For all of the aforestated reasons, I recommend the Motion for Postconviction Relief should be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**

/s/ Martin B. O'Connor
Commissioner Martin B. O'Connor

oc:  Prothonotary
Diana Dunn, Deputy Attorney General
Emmanuel L. Rodgers, Defendant